## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHELLE J. D'ANTUONO,**<br>    **Plaintiff,**<br><br>    **v.**<br><br>**TEMPLE UNIVERSITY HEALTH**<br>**SYSTEM, INC. and RELIANCE**<br>**STANDARD LIFE INSURANCE**<br>**COMPANY,**<br>    **Defendants.** | **CIVIL ACTION**<br><br>**NO.  18-1518** |

## MEMORANDUM

**Baylson, J.**                                                    **August   3   , 2018**

## I.      Introduction

Plaintiff Michelle J. D'Antuono, widow of the late Joseph B. D'Antuono, filed suit against her late husband's employer, Defendant Temple University Health System, Inc., and the company through which Joseph received life insurance as a Temple employee, Defendant Reliance Standard Life Insurance Company, after she failed to receive benefits after Joseph's death.  Her amended complaint alleged four counts, which, critically for this litigation, are not labeled with specific causes of action.  The Court describes them, as best it can, as follows:

I)      Failure to pay benefits in violation of ERISA

II)     Failure to notify Joseph of his conversion rights in violation of the terms of the Policy

III)    Breach of Implied Duty of Good Faith and Fair Dealing; and

IV)     Failure by Temple and Reliance to notify Joseph of his conversion rights in violation of the terms of the Policy

Defendants now move to dismiss Counts II-IV as preempted by ERISA. For the reasons stated below, Defendants' motions are **GRANTED WITH PREJUDICE**.

## II.     Background

The following facts are accepted as true from the Amended Complaint. Plaintiff Michelle J. D'Antuono's husband, Joseph D'Antuono, was employed by Defendant Temple University Health System Inc. ("Temple") from May, 2015 through January 31, 2016. (Am. Compl. ¶ 4, ECF 6). Joseph died on March 1, 2016. (Id. ¶ 16).

Temple provided Joseph with Life Insurance Policy No. GL668924 ("Policy") through Defendant Reliance Standard Life Insurance Company ("Reliance") in the amount of $500,000.00. (Id. ¶ 6). Under the terms of this life insurance policy, following the termination of his employment, Joseph had the option to convert his group life insurance policy to an individual life insurance policy. (Id. ¶ 27). He had a 31-day "conversion period" from the termination of his employment to exercise this option, which commenced on February 1, 2016. (Id. ¶¶ 14-15). Joseph did not receive written notice from Reliance or Temple of his right to convert to an individual life insurance policy, which the terms of the Policy entitled him to, making him unable to convert to an individual life insurance policy. (Id. ¶¶ 28, 40-41).

After Joseph's death, Plaintiff made a claim for benefits under the Policy, but Reliance denied her claim in a letter dated August 1, 2016. (Id. ¶ 17). Plaintiff appealed the denial of benefits on September, 27, 2016. (Am. Compl. ¶ 18; Ex. D). Reliance denied her appeal on December 16, 2016. (Am. Compl. ¶ 19; Ex. E). After further review, Reliance again denied her claim for benefits on December 22, 2016. (Am. Compl. ¶ 20, Ex. F).

## III.    Procedural History

Plaintiff originally filed this action in the Court of Common Pleas for Philadelphia County on February 27, 2018. (Notice of Removal, ECF 1 at 4). On April 9, 2018, Temple

removed the action to this Court based on diversity of citizenship. (Id.) After Reliance moved to dismiss the initial complaint, Plaintiff filed a Verified Amended Complaint with this Court on April 27, 2018. (Am. Compl., ECF 6).

Reliance filed a motion to dismiss the Amended Complaint on May 2, 2018. (Reliance Mot. to Dismiss, ECF 7). Plaintiff filed a motion in opposition to Reliance's motion to dismiss on May 23, 2018, (Pl. Opp. to Reliance Mot. to Dismiss, ECF 10). Reliance filed a reply on May 23, 2018. (Reliance Reply in Supp., ECF 11).

Temple filed a motion to dismiss on May 10, 2018. (Temple Mot. to Dismiss, ECF 8). Plaintiff filed a response in opposition to Temple's Motion to Dismiss on May 24, 2018. (Pl. Resp. in Opp. to Temple's Mot. to Dismiss, ECF 12).

The motions are now ripe for decision.

## IV.    Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, the Court in Iqbal does explain that while factual allegations must be treated as true, legal conclusions do not. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555). When considering a motion to dismiss for failure to state a claim, a court may consider "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly

authentic documents if the complainant's claims are based upon these documents." Hartig Drug Co. Inc. v. Senju Pharm. Co., 836 F.3d 261, 268 (3d Cir. 2016).

## V.     Discussion

Congress enacted the Employee Retirement Income Security Act of 1974 (ERISA) to "protect ... the interests of participants in employee benefit plans and their beneficiaries" and "provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). The parties agree that the Policy at issue in this case is governed by ERISA.

ERISA allows plaintiffs to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132 (a)(1)(B). However, ERISA also "possesses 'extraordinary pre-emptive power.'" Nat'l Sec. Sys., Inc. v. Iola, 700 F.3d 65, 83 (3d Cir. 2012) (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)). Section 514(a) of ERISA provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to" any covered benefit plan. 29 U.S.C§ 1144(a). This includes state common-law claims, which "are subject to ERISA preemption." Nat'l Sec. Sys., 700 F.3d at 83.

### A. Counts II and IV: Failure to Notify of Right to Convert

Counts II and IV are largely identical, and the Court will therefore treat them together.[1] Plaintiff asserts that "[u]nder the terms of the group life insurance policy provided to [Joseph] D'Antuono, he, following termination of employment, was entitled to written notice that he had the option to convert his group life insurance policy to an individual life insurance policy," but he did not receive it and neither Temple nor Reliance provided it to him, making him unable to convert his insurance. (Am. Compl. ¶¶ 27-28, 40-41).

---

[1] Neither is captioned with a specific cause of action; Plaintiff entitles them, respectively, "AS AND FOR A SECOND CAUSE OF ACTION" and "AS AND FOR A FOURTH CAUSE OF ACTION."

Defendants rely on Haymaker v. Reliance Standard Life Ins. Co., No. CV 15-06306, 2016 WL 1696851, at *4 (E.D. Pa. Apr. 27, 2016) to argue that ERISA does not authorize these sorts of claims, which are actually preempted by ERISA. In its brief in opposition to the motion to dismiss, Plaintiff asserts that these causes of action are not preempted, instead having been made "pursuant to ERISA," and describes the plan as "covered by ERISA." (Pl. Opp. at 1).

The Amended Complaint, which does not reference the ERISA statute in Counts II and IV, alleges that Joseph did not receive the notice required to be furnished to him "under the terms" of the policy. (Am. Compl. ¶ 27.) The ERISA statute does not provide for this type of claim; rather, Counts II and IV appear to allege simple common-law breach of contract. The Third Circuit has long held that claims for violations of ERISA-covered plans framed in terms of state-law breach of contract are preempted by ERISA. Pane v. RCA Corp., 868 F.2d 631, 635 (3d Cir. 1989); see also Menkes v. Prudential Ins. Co. of Am., 762 F.3d 285, 296 (3d Cir. 2014) (same).

In Haymaker, this Court found that breach of contract claims in which a plaintiff alleged that the Defendants had "failed to adhere to their contractual notice obligations," including notice of the plaintiff's conversion rights, were preempted by ERISA. 2016 WL 1696851, at *4. The Court reasoned that "[s]tate law breach of contract claims are preempted by ERISA's express preemption clause when the contract breached is considered an employee benefit plan under ERISA." Id. (quoting Gilbertson v. Unum Life Ins. Co. of Am., No. 03-5732, 2005 WL 1484555, at *2 (E.D. Pa. June 21, 2005) (alteration original). Thus, because the plaintiff "allege[d] that the Defendants failed to adhere to their obligations under the policy—and therefore 'relate to' the Plan—[the claims] [were] clearly preempted by ERISA." Id.

Such is the case here. As in <u>Haymaker</u>, Plaintiff clearly alleges breach of the contractual terms of the Policy, which is an employee benefit plan governed by ERISA, and these claims are preempted by ERISA. Counts II and IV are therefore dismissed with prejudice.

**B. Count III: Breach of Implied Duty of Good Faith and Fair Dealing**

Count III, likewise untitled, asserts that Reliance's refusal to pay benefits amounted to a "breach of the implied-in-law duty of good faith and fair dealing." Defendants assert that this cause of action raises only state-law claims that are preempted by ERISA, while Plaintiff again asserts that this cause of action is "pursuant to ERISA" itself.

As with Counts II and IV, Plaintiff does not reference the ERISA statute in these causes of action. Paragraph 31 of the Amended Complaint sounds, strikingly, in contract: "Issuance by Reliance Standard of policy number GL668924 to deceased <u>created a contractual relationship</u> between it and Plaintiff. Reliance Insurance <u>therefore was subject to the implied-in-law duty to act fairly and in good faith</u> in order not to deprive Plaintiff of the benefits of the policy." (Am. Compl. ¶ 31). Plaintiff references Reliance's "breach of the implied-in-law duty of good faith and fair dealing" at least three more times. (<u>Id.</u> ¶¶ 34, 35, 37).

The Third Circuit has held that claims for "breach of the implied covenant of good faith and fair dealing" regarding ERISA benefits are preempted by ERISA because they "relate to the administration" of ERISA plans. <u>Menkes</u>, 762 F.3d at 296. Because Plaintiff appears to make such a claim, it is therefore preempted.[2] <u>See also</u> <u>Pilot Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41, 43 (1987) (state law claim of "bad faith" was preempted by ERISA where plaintiff alleged improper benefits claim processing). Count III is therefore dismissed with prejudice.

---

[2] ERISA does allow a claim for breach of fiduciary duty, see 29 U.S.C. § 1132(a)(2), which is discussed in some of the cases cited in Plaintiff's brief in opposition to the motion to dismiss, but Plaintiff does not appear to proceed on this theory.

## VI.     Conclusion

Defendants' motion to dismiss Counts II-IV is **GRANTED WITH PREJUDICE**. An appropriate order follows.

O:\CIVIL 18\18-1518 D'Antuono v. Temple Univ Health Sys\18cv1518 memorandum 080320189.docx